FILED

**NOT FOR PUBLICATION**

AUG 06 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff - Appellant,<br><br>   v.<br><br>DAVID ANTHONY JOHNSON,<br><br>   Defendant - Appellee. | No. 08-30148<br><br>D.C. No. 3:06-cr-00096-KI<br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>   Plaintiff - Appellant,<br><br>   v.<br><br>DAVID ANTHONY JOHNSON,<br><br>   Defendant - Appellee. | No. 08-30149<br><br>D.C. No. 3:07-cr-00310-KI |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Submitted July 13, 2010[**]
Portland, Oregon

Before: GOODWIN, PREGERSON and WARDLAW, Circuit Judges.

The United States of America ("the government") appeals the sentence imposed upon David Anthony Johnson ("Johnson"). The parties are familiar with the facts of this case, which we repeat here only to the extent necessary to explain our decision. We review the substantive reasonableness of Johnson's sentence for abuse of discretion, *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009), and affirm.

The Sentencing Guidelines "constitute[] only a touch-stone in the district court's sentencing considerations." *Id.* at 872. The Guidelines are but one factor in the sentencing analysis under 18 U.S.C. § 3553(a). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). The district court must explain a non-Guidelines sentence, but need not "tick off" all of the § 3553 factors. *Id. at* 992. An adequate explanation may be inferred from the record as a whole. *Id*. at 993. This court must give "due deference" to the district court's analysis of the sentencing factors. *Autery*, 555 F.3d at 872.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Here, the record clearly demonstrates that the district court properly considered the sentencing factors. The district court explicitly discussed several of the factors, including Johnson's criminal history, the nature of Johnson's offense, and the need for deterrence and punishment.

The government's argument that the district court did not adequately consider the need to avoid unwarranted sentencing disparities is not persuasive. The district court's sentencing analysis included a comparison with co-defendants Ceasar and Pumphrey. The district court found that Johnson, like Ceasar and Pumphrey, rendered "substantial cooperation" to the government. However, whereas Ceasar and Pumphrey continued to engage in criminal conduct after their "substantial cooperation," the district court recognized that Johnson's post-arrest conduct had been "very impressive," "unique," and "extraordinary."

We conclude that the district court provided an adequate explanation of its sentencing decision and did not abuse its discretion in weighing the § 3553 sentencing factors.

AFFIRMED.